**144**

506 P.2d 66

Robert C. REID and Ronald P. Nelson, dba
Custom Promotions, Plaintiffs
and Respondents,

v.

Nick M. DODAS and Rhoda Dodas, his wife,
Defendants and Appellants.

No. 12913.

Supreme Court of Utah.

Feb. 1, 1973.

Cotro-Manes, Warr, Fankhauser & Beasley, E. H. Fankhauser, Salt Lake City, for defendants-appellants.

Alan D. Frandsen, Salt Lake City, for plaintiffs-respondents.

HENRIOD, Justice:

Appeal from a judgment for a balance due incident to labor and material furnished and installed at the request of defendants, with respect to the interior decoration of a lounge. Reversed, with no costs awarded.

The alleged contract was entered into in June, 1964. A $600 payment was made in July and another $1000 in October, 1964, when the job was finished.

Among other issues urged on appeal, (preserved by motion in the lower court which was denied) is that the facts adduced reflected that plaintiffs were contractors under Title 58–23–3(3), Utah Code Annotated 1953, as amended, which provides for licensing a contractor, defined as one "who for . . . compensation other than wages, undertakes . . . for the construction, alteration, repair, addition to or improvement of any building, highway, road, railroad, excavation or other structure, project, development or improvement, other than to personalty, or any part thereof . . . but shall not include anyone who merely furnishes materials or supplies without fabricating the same into, or consuming the same in the performance of the work, . . ." and that therefore the contract was avoided.

The record reflects that plaintiffs did a number of things on this job that would classify them as "contractor" under the section mentioned, such as installing dividers and partitions.

The plaintiffs do not specifically refute these facts of performance but choose to rely in their brief on an amendment to Title 58–23–2(6) which makes an exception to 58–23–3(3), supra. Difficulty is that the amendment to 58–23–2(6) was passed in 1965 (L.Utah 1965, ch. 118, sec. 1), and has no application to the contract here which was entered into and completed in 1964.

CALLISTER, C. J., and CROCKETT, ELLETT, and TUCKETT, JJ., concur.